UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>and<br><br>THE STATE OF GEORGIA DEPARTMENT OF NATURAL RESOURCES,<br><br>Plaintiffs,<br><br>v.<br><br>GOLD CREEK FOODS, LLC,<br><br>Defendant. | Civil Action No. |

**COMPLAINT**

The United States of America, by the authority of the Attorney General of the United States, acting at the request of the Department of the Interior ("DOI"), and the State of Georgia, through the Georgia Department of Natural Resources ("DNR"), file this complaint and allege as follows:

**NATURE OF ACTION**

1. This is a civil action brought against Gold Creek Foods, LLC ("Defendant") for recovery of damages for injury to, loss of, or destruction of natural resources under the trusteeship of DOI and DNR (together, "Trustees")

under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. Plaintiffs seek damages to compensate for and restore natural resources injured by the releases of hazardous substances into the environment at and from the Defendant's chicken processing facility ("Facility") and Flat Creek, both in Dawsonville, Dawson County, Georgia. Plaintiffs also seek to recover unreimbursed costs of assessing such damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 9613(b).

3. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because it is the district in which the releases of hazardous substances giving rise to these claims occurred.

## DEFENDANT

4. Defendant is a corporation and a "person" within the meaning of 42 U.S.C. § 9601(21).

5. Defendant's Facility is located at 686 Highway 9 North, Dawsonville, Dawson County, Georgia, near Flat Creek, a stream originating in Dawsonville and terminating at its confluence with Shoal Creek in Dawson County.

## STATUTORY BACKGROUND

6. CERCLA provides that "the owner and operator of a . . . facility . . . from which there is a release . . . of a hazardous substance, shall be liable for . . . damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release." 42 U.S.C. § 9607(a).

7. "Facility" is defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), to include "any building, structure, … well, pit, pond, lagoon, impoundment, ditch, landfill, [or] storage container," as well as "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located."

8. "Release" is defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), to include "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment."

9. "Disposal" is defined by Section 101(29) of CERCLA, 42 U.S.C. § 9601(29), as having the same meaning as provided in Section 1004 of the Solid Waste Disposal Act. Section 1004(3) of the Solid Waste Disposal Act, 42 U.S.C. § 6903(3), defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may

enter the environment or be emitted into the air or discharged into any waters, including ground waters."

10. "Natural resources" is defined by Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), to include "land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States … [and] any State or local government."

## GENERAL ALLEGATIONS

11. On March 20, 2018, a forklift driver at the Facility punctured a 55-gallon drum of ferric chloride, resulting in releases of its contents through the on-site stormwater system and into Flat Creek.

12. The releases caused widespread mortality in Flat Creek – a complete loss of all aquatic life across 3.7 miles of the creek.

13. The federally threatened Cherokee darter – a fish species with limited habitat in northern Georgia – was among the species that experienced widespread mortality.

14. The Facility is a "facility" within the meaning of 42 U.S.C. § 9601(9).

15. There have been "releases" within the meaning of 42 U.S.C. §§ 9601(22) and 9607(a), at and from the Facility, including releases of ferric chloride, a "hazardous substance" within the meaning of 42 U.S.C. § 9601(14).

16. "Natural resources" within the meaning of 42 U.S.C. § 9601(16), have been injured, lost, or destroyed as a result of the releases of hazardous substances from the Facility.

17. Defendant is the current "owner" and "operator" of the Facility within the meaning of 42 U.S.C. § 9601(20).

18. Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Executive Order 12580, 52 Fed. Reg. 2923 (Jan. 23, 1987), and the National Contingency Plan, 40 C.F.R. § 300.600, DOI, through the United States Fish and Wildlife Service ("FWS"), has been delegated authority to act as Federal Trustee for certain natural resources impacted by hazardous substances released from the Facility.

19. Pursuant to 107(f) of CERCLA, 42 U.S.C. § 9607(f) and the National Contingency Plan, 40 C.F.R. § 300.605, Georgia DNR has been delegated authority to act jointly as State Trustee for certain natural resources impacted by hazardous substances released from the Facility.

20. Plaintiffs have incurred and continue to incur costs in assessing damages to natural resources resulting from the releases.

21. Plaintiffs have satisfied all required conditions precedent to the initiation of the action.

## CLAIM FOR RELIEF

22. Paragraphs 1 through 21 are realleged and incorporated here by reference.

23. Under 42 U.S.C. § 9607(a)(1), Defendant is liable, as the "owner and operator" of the Facility, to the United States and the State of Georgia for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from releases of hazardous substances from the Facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Award Plaintiffs a judgment against Defendant pursuant to 42 U.S.C. § 9607(a) for all damages for injury to, destruction of, or loss of natural resources arising from the described releases from the Facility, including the costs of restoring, rehabilitating, replacing, and/or acquiring the equivalent of those injured resources, and all reasonable assessment costs incurred by Plaintiffs; and

2. Grant Plaintiffs such other relief as this Court may deem appropriate.

Respectfully submitted,

FOR THE UNITED STATES

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

Environment & Natural Resources Division

/s/ *Sheila McAnaney*
SHEILA McANANEY (IL 6309635)
BETHANY ENGEL (MA 660840)
Senior Trial Attorneys
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
PO Box 7611, Ben Franklin Station
Washington, DC 20044
Tel: 202-353-5316
Fax: 202-514-8865
Sheila.McAnaney@usdoj.gov

THEODORE S. HERTZBERG
United States Attorney

ANTHONY C. DECINQUE
Assistant United States Attorney
Georgia Bar No. 130906
Anthony.DeCinque@usdoj.gov
United States Attorney's Office
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Ph: (404) 581-6000
Fx: (404) 581-6181

FOR THE STATE OF GEORGIA

Christopher M. Carr 112505
Attorney General

Robin J. Leigh 445845
Deputy Attorney General

/s/ *Christopher R. Held*
Christopher R. Held 987847

Senior Assistant Attorney General
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
Telephone: (404) 458-3569
Facsimile: (470) 986-1323
Email: cheld@law.ga.gov